## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 05 2017, 6:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael R. Fisher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lawrence Green,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 5, 2017<br><br>Court of Appeals Case No.<br>49A04-1703-CR-505<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Jeffrey L. Marchal, Magistrate<br><br>Trial Court Cause No.<br>49G06-1511-F5-40630 |

**Mathias, Judge.**

[1] In this appeal, Lawrence Green ("Green") contends that the evidence was insufficient to support his conviction for his Level 5 felony conviction for leaving the scene of an accident resulting in death.

[2] We affirm.

## Facts and Procedural History

[3] At approximately 3:30 a.m. on November 8, 2015, twenty-three-year-old Roy J. Shelton ("Shelton") was walking on the north side of East Sumner Avenue near South Oakland Avenue in Indianapolis. At 5:30 a.m., two 911 calls reported a body in the roadway of East Sumner Avenue east of the South Oakland Avenue intersection. One of the 911 callers reported hearing a loud noise outside her home a couple hours before she saw the body in the road. Indianapolis Metropolitan Police Department ("IMPD") officers were dispatched to the scene and discovered Shelton's body on the north side of East Sumner Avenue approximately 150 feet east of the intersection with Oakland Avenue. Shelton had suffered massive blunt force trauma injuries that resulted in his death. His autopsy revealed that his injuries were consistent with those sustained from contact with a motor vehicle.

[4] The responding officers also found small vehicle parts and glass near Shelton's body that matched a vehicle headlight assembly recovered a couple blocks away. From the parts and headlight assembly, IMPD detectives determined the vehicle involved in the accident was a green Ford Explorer model from 1991 to 1993.

[5] Notice of the hit-and-run investigation and the suspected vehicle's description were publicized to the media that day. The day after the hit-and-run, November 9, 2015, the Beech Grove Police Department received an anonymous tip about a Ford Explorer that matched the police description parked at an address in Beech Grove, Indiana. IMPD detectives arrived at the scene and observed that the vehicle was missing one headlight and had damage to its right wheel well. They matched the vehicle parts and headlight assembly recovered on East Sumner Avenue to the Ford Explorer. A registration check revealed the vehicle belonged to Green. Also, during a search warrant executed later that day, marijuana was discovered in the console and the driver's side door. Additional testing revealed that blood found on the vehicle contained Shelton's DNA.

[6] Green heard of the fatal hit-and-run on the news and surrendered himself to law enforcement on November 12, 2015. He was charged with Level 5 felony leaving the scene of an accident resulting in death and Class A misdemeanor possession of marijuana.

[7] A bench trial was conducted on December 14, 2016. An officer who responded to the scene of the accident testified that it appeared that Shelton had been struck from behind. And the State admitted several photographs of the accident scene and medical reports establishing the extent of Shelton's injuries.

[8] Green testified on his own behalf. He claimed that while driving at a rate of approximately twenty-five miles per hour, he took his eyes away from the road to light a cigarette and felt the impact of his vehicle hitting something. Tr. p. 61.

He stated that he brought his vehicle to a stop one half block after the accident, exited, and inspected the front of the vehicle for damage. He then walked a few feet past his vehicle in the direction of the accident. In the dark, he did not see what he hit, and he returned to his vehicle and drove home. Green testified that he was not aware he had hit a person until he saw the news report the next day. Tr. pp. 70–71. Green admitted to possessing the marijuana found in his vehicle.

[9] After reviewing the evidence in a bench trial, the trial court concluded that "this doesn't look like an injury sustained at a low speed accident of twenty-five miles an hour. This young man had his spine severed. He had his ankle broken. He had a hole in his shoulder, among other things. He died because of multiple blunt force injuries." Tr. pp. 86–87. The trial court concluded that Green should have known that the accident could have involved injury to another person and he should have called 911. Tr. p. 90.

[10] The trial court found Green guilty of both charges. On February 9, 2017, Green's sentencing hearing was held. The court considered the severe nature of the injuries as an aggravating factor and Green's remorse as a mitigating factor. Green was sentenced to 180 days in the county jail for the Class A misdemeanor conviction to be served concurrently with the six-year sentence in the Department of Correction for the Level 5 felony conviction. Three years of the six-year sentence for the latter conviction were suspended to probation. Green now appeals.

# Discussion and Decision

[11] When we review the sufficiency of the evidence supporting a conviction, we must examine only the probative evidence and reasonable inferences therefrom that support the conviction. *Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012). We will neither assess witness credibility nor reweigh the evidence. *Id*. We will affirm a conviction unless no reasonable fact-finder could have found the elements of the crime proven beyond a reasonable doubt. *Id*. The evidence does not have to overcome every reasonable hypothesis of innocence, so long as an inference may reasonably be drawn from the evidence to support the conviction. *Id*.

[12] On the date Green was charged,[1] Indiana Code section 9-26-1-1.1 provided in pertinent part:

> (a) The operator of a motor vehicle involved in an accident shall do the following:
>
> > (1) Immediately stop the operator's motor vehicle:
> >
> > > (A) at the scene of the accident; or
> > >
> > > (B) as close to the accident as possible in a manner that does not obstruct traffic more than is necessary.
> >
> > (2) Remain at the scene of the accident until the operator does the following:

---

[1] Indiana Code section 9-26-1-1.1 was amended by Public Law 63-2016 in 2016 and Public Law 123-2017 in 2017.

(A) Gives the operator's name and address and the registration number of the motor vehicle the operator was driving to any person involved in the accident.

(B) Exhibits the operator's driver's license to any person involved in the accident or occupant of or any person attending to any vehicle involved in the accident.

(3) If the accident results in the injury or death of another person, the operator shall, in addition to the requirements of subdivisions (1) and (2):

(A) provide reasonable assistance to each person injured in or entrapped by the accident, as directed by a law enforcement officer, medical personnel, or a 911 telephone operator; and

(B) as soon as possible after the accident, immediately give notice of the accident, or ensure that another person gives notice of the accident, by the quickest means of communication to one (1) of the following:

(i) The local police department, if the accident occurs within a municipality.

(ii) The office of the county sheriff or the nearest state police post, if the accident occurs outside a municipality.

(iii) A 911 telephone operator.

***

(b) An operator of a motor vehicle who knowingly or intentionally fails to comply with subsection (a) commits leaving the scene of an accident, a Class B misdemeanor. However, the offense is:

***

(3) a Level 5 felony if the accident results in the death of another person . . .

"The purpose of the statute is to provide prompt aid for persons who are injured or whose property is damaged and to sufficiently establish the identity of the parties so that they and police authorities may know with whom to deal in matters growing out of the accident." *Hudson v. State*, 20 N.E.3d 900, 904 (Ind. Ct. App. 2014) (citations omitted).

[13] The State alleged that Green, "being the driver of a vehicle that was involved in an accident, did knowingly or intentionally fail to stop the vehicle at the scene of said accident, or as close as possible thereto, and the said accident did result in the death of Roy Shelton[.]" Appellant's App. p. 17. Green does not dispute that he was involved in the accident. He argues only that the State failed to prove that he "had the requisite knowledge or intent to support a conviction for leaving the scene of an accident resulting in death." Appellant's Br. at 9.

> A driver's knowledge of the fact that an accident with injury has occurred is a necessary element of the proof in a prosecution for failure to stop. Yet a driver need not have actual knowledge that an accident has resulted in an injury to be convicted under the statute. Where conditions were such that the driver should have known that an accident occurred or should have reasonably anticipated that the accident resulted in injury to a person, the requisite knowledge is present. When a driver prosecuted for failure to stop asserts that he did not know he was involved in an accident causing injury, that assertion is a defense that goes to the issue of whether he possessed the requisite mens rea, and the credibility of that defense is an issue for the factfinder. The trier

of fact may infer a defendant's knowledge from circumstantial evidence.

*Hudson*, 20 N.E.3d at 904–05 (citations and quotations omitted).

[14] The State presented evidence that Green was traveling at a rate of speed that caused a significant impact to Shelton, which resulted in severe injuries causing his death. Shelton's injuries included a severed spinal cord, fractures to his foot, right leg, right shoulder, pelvis, and multiple lacerations to the right side of his body. Green's vehicle was damaged in the accident, and Shelton's blood was discovered on the front passenger side of the car. And Shelton was struck from behind. Shelton's body was lying in the roadway outside Estella Mendoza's home, and Ms. Mendoza stated that she heard a loud noise outside her home in the early morning hours. Appellant's App. p. 52.

[15] This evidence supports the trial court's judgment that Green should have reasonably anticipated that the accident resulted in injury to a person. *See Hudson*, 20 N.E.3d at 905. The trial court, as the trier of fact, discredited Green's claim that he did not know that he hit another person and his own testimony in support of that defense. And we will not reweigh that evidence on appeal. *See Lock*, 971 N.E.2d at 74.

[16] We therefore conclude that Green's Level 5 felony leaving the scene of an accident resulting in death is supported by sufficient evidence.

Affirmed.

Vaidik, C.J., and Crone, J., concur.